# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT J. JORDAN,

    Plaintiff,

v.                                               Case No. 23-CV-1135

LARRY FUCHS,
R. BOYER, OFFICER BARRET,
TARA MILLER, TEXT BEHIND,
and JANE DOE,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On August 28, 2023, plaintiff Robert J. Jordan, who is incarcerated at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee, (ECF No. 5), and a motion to appoint counsel, (ECF No. 4). This order resolves his motions and screens his complaint.

The court has jurisdiction to resolve Jordan's motions and to screen the complaint in light of Jordan's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of

magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Jordan was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 7, 2023, Jordan filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 5) On September 11, 2023, the court ordered Jordan to pay an initial partial filing fee of $1.12. (ECF No. 7.) Jordan paid that fee on September 25, 2023. The court will grant Jordan's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Jordan was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss

2

a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

3

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Jordan's Allegations*

Jordan alleges that on December 22, 2020, he used the prisoner grievance system to file an inmate complaint about an injury he sustained while working as kitchen staff at Columbia Correctional Institution. (ECF No. 1, ¶ 9.) Defendant Warden Larry Fuchs denied Jordan's inmate complaint. (*Id.*, ¶ 10.) On January 26, 2021, Jordan appealed Fuchs's denial of his inmate complaint. Jordan states that in the investigation of the complaint, Fuchs violated his Due Process rights because he did not follow the Department of Adult Institutions (DAI) Procedure #310.00.01 requiring that the grievance prisoner be interviewed as soon as possible. (*Id.*, ¶ 12.)

Jordan then alleges that "staff" at Columbia, in retaliation for his lawsuit against Steven G. Giusti, did not pay him for working his prisoner job and unfairly terminated him from that job. (ECF No. 1, ¶ 18.) Additionally, Jordan received inadequate medical care in retaliation and was transferred to another facility. (*Id.*) As a result of the transfer, Jordan was unable to properly pack his belongings, so it was lost. (*Id.*, ¶ 19.) He states that defendant Officer Barrett, via email to defendant Tara Miller, "gave a falsifying statement claiming that plaintiff had not purchases items he did not receive" after his transfer. (*Id.*, ¶ 20.) Jordan received a conduct report for lying about his property. (*Id.*) In the same conduct report, he was also cited for "tampering with his tablet" and had to buy another tablet. (*Id.*, ¶ 21.)

4

Additionally, his TV was confiscated and thrown away without his consent. (*Id.*, ¶ 23.)

Jordan further alleges that defendant Text Behind, a corporation that now handles prisoner mail, opened his legal mail without Jordan being present. (ECF No. 1, ¶ 22.) In addition, Text Behind caused delays in Jordan receiving his mail, preventing Jordan from being able to timely respond to matters relating to his pending lawsuits. (*Id.*)

*Analysis*

Jordan attempts to bring three separate claims—a due process claim against Warden Fuchs; a First Amendment retaliation claim; and a First Amendment right to mail claim. There are a few problems with Jordan's complaint.

First, the court notes that Jordan originally attempted to file his retaliation claim as an amended complaint in Case No. 23-cv-596, but he also attempted to add claims that concerned another case, Case No. 21-cv-1473. Both cases are before this court. When screening Case No. 23-cv-596, the court gave Jordan the option to voluntarily dismiss that case and move to amend his complaint in Case No. 21-1473. (Case No. 23-cv-596 ECF No. 9.) On August 4, 2023, Jordan filed an amended complaint in 23-cv-596 and a cover letter explaining that he wants that amended complaint to actually be filed as a completely separate case. (Case No. 23-cv-596, ECF Nos. 10, 11.) As such, the court dismissed Case No. 23-cv-596 and opened this case. (Case No. 23-cv-596, ECF No. 12.)

The court also notes that in the screening order for Case No. 23-cv-596, the court stated that Jordan likely stated a First Amendment retaliation claim, but he needed to specify which individuals actually retaliated against him and what they did. (Case No. 23-cv-596, ECF No. 9 at 5.) Jordan's complaint in this case still does not state fully who retaliated against him. He only states that defendants Officer Barrett and Tara Miller purposely lost his property in retaliation. However, in addition to Barrett and Miller, Jordan also alleges what other individuals did to retaliate against him, but he does not identify those individuals. Because of the messy procedural history of this case, the court will construe Jordan's complaint as alleging a First Amendment claim against John and Jane Doe Correctional Officers at Columbia Correctional Institution.

With this framing, the court will allow Jordan to proceed on a First Amendment claim against those Doe officers and Barrett and Miller. To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Jordan states that his lawsuit against Giusti was the reason he was retaliated against. He also states several actions that caused a deprivation that would deter filing a civil rights suit.

However, Jordan may not proceed on a Fourteenth Amendment due process claim against Warden Fuchs. First, prison officials who deny grievances "but who

otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). While there are circumstances where a prison official who denies a grievance can be held liable, a plaintiff must allege that he handled the complaint with deliberate indifference, such as destroying a grievance without reading it. *See Burks v. Raemisch,* 555 F.3d 592 (7th Cir. 2009). Here, Jordan does not allege that Fuchs acted with deliberate indifference; instead he alleges that Fuchs did not ensure the process for investigation was followed. Prisoners have no right to an investigation of their grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interested protected by the Due Process clause" and so the inability of a prisoner to file a grievance does not create an independent constitutional claim under § 1983. *Owens,* 635 F.3d at 953. Warden Fuchs is dismissed.

Jordan may also not proceed on his claim First Amendment right to mail claim against Text Behind because allowing Jordan to proceed on this claim in addition to his retaliation claim would violate Federal Rule of Civil Procedure 18(a) and 20(a)(2). While multiple claims against a single party are allowed, a plaintiff cannot bring *unrelated* claims against different defendants in the same case. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or

7

incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). As alleged, the actions of Text Behind are completely separate from the retaliation claim that Jordan also bring. Text Behind is dismissed.

As to R. Boyer, Jordan does not include any allegations naming this individual. As such, R. Boyer is dismissed.

Because Jordan names John and Jane Doe defendants, he will need to send the named defendants discovery requests to identify the real names of the Doe defendants. Once the named defendants answer the complaint, the court will issue a scheduling order providing more information about identifying the Doe defendants.

## MOTION TO APPOINT COUNSEL

Jordan also filed a motion to appoint counsel. (ECF No. 4.) In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers

willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

Jordan states he satisfied the first prong because he satisfied the first prong in Case No. 21-cv-1473. However, that case was a case about a completely different subject matter, and Jordan must make a reasonable effort to find an attorney to

represent him based on this case. His motion to appoint counsel is denied without prejudice.

**THEREFORE, IT IS ORDERED** that Jordan's motion for leave to proceed without prepaying the filing fee (ECF No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that Jordan's motion to appoint counsel (ECF No. 4) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Larry Fuchs, R. Boyer, and Text Behind are **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk of court's office change the Jane Doe defendant in the caption to John and Jane Doe defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Officer Barrett and Tara Miller. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Jordan may make discovery requests (written questions or requests for documents) on the named defendants in an effort to identify the real name of the John and Jane Doe defendants. Once he knows the real name of the Doe defendants, he should file a

10

motion identifying their real names. Again, Jordan should not serve any discovery request upon the named defendants until *after* the court enters a scheduling order.

**IT IS FURTHER ORDERED** that the agency having custody of Jordan shall collect from his institution trust account the $348.88 balance of the filing fee by collecting monthly payments from Jordan' prison trust account in an amount equal to 20% of the preceding month's income credited to Jordan' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Jordan is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Jordan is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Jordan is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Jordan is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Jordan' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Jordan may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 27th day of October, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge