# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT H. JORDAN,**

    Plaintiff,

**v.**                                    **Case No. 23-CV-1135**

**CHERIE BARRET**, *et al.*,

    Defendants.

## ORDER

On November 27, 2023, plaintiff Robert H. Jordan, who is incarcerated and representing himself, filed a motion asking the court to reconsider its dismissal of Text Behind. (ECF No. 9.) In its screening order, the court did not allow Jordan to proceed on a First Amendment right to mail claim against Text Behind because the actions of Text Behind were completely separate from the retaliation claim that Jordan brought against the other defendants. Even reading the complaint liberally, Johnson did not allege facts connecting the actions of Text Behind with his alleged retaliation claim. As such, allowing him to proceed on a claim against Text Behind would violate Fed. R. Civ. P. 18 and 20. (ECF No. 8 at 8.) Jordan now states that Text Behind's actions are related to the retaliation of the other defendants.

Even if that is correct, Jordan still does not state a claim against Text Behind. Section 1983 also allows a plaintiff to sue a "person" who, acting under color of law,

violates his constitutional rights. Text Behind is not a person, but a corporation to whom the Wisconsin Department of Corrections delegated key duties. Thus, to bring a § 1983 claim against Text Behind is akin to brining a claim against a state agency, which is akin to brining a claim against the state itself. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (Citing *Graham* 437 U.S. at 165-166; *Monell*, 436 U.S. at 690 n. 55). A state may be considered a "person" under § 1983 where the plaintiff seeks injunctive relief and alleges that the State itself is responsible for the violation of her constitutional rights because of a practice, custom, or policy. *Will*, 491 U.S. at 71 n. 10; *Graham*, 473 U.S. at 166 (citing *Monell*, 436 U.S. at 694). Jordan does not allege that Text Behind violated his rights because of a practice, custom or policy. Thus, he does not state a claim against Text Behind.

**IT IS THEREFORE ORDERED** that Jordan's motion for reconsideration (ECF No. 9) is **DENIED.**


Dated at Milwaukee, Wisconsin this 14th day of December, 2023.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

2